This Wunderlich Act[1] case comes before us on cross-motions for summary judgment. In 1973 plaintiff ("Crad-dock”) was awarded a contract to modernize barracks at two military installations in the Panama Canal Zone. During the course of performance Craddock and the *992 Government negotiated numerous contract modifications, some of which extended the time of performance and provided price adjustments for changed work. We are now called upon to review the determination[2] of the Armed Services Board of Contract Appeals ("asbca” or "Board”) denying plaintiff additional compensation for increased labor costs incurred during contract performance as a result of the enactment of the 1974 amendments to the Fair Labor Standards Act ("flsa”).[3] On review of the record, we conclude that the asbca decision is neither fraudulent, capricious, arbitrary, in bad faith, nor unsupported by substantial evidence, and we therefore affirm the Board’s decision. Defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.
The contract at issue (No. DACA01-73-C-0091) was executed in April of 1973 and originally scheduled for completion in August of 1975. It is uncontested that Craddock’s employees were covered by the flsa throughout the duration of the contract. At the time the contract was entered into the minimum wage established by the flsa was $1.60 per hour.
The parties subsequently negotiated eleven change orders[4] which prolonged completion of the contract more than two years beyond the scheduled completion date. Of the eleven change orders which extended the time for completion of work, eight provided price adjustments which were negotiated and executed by both parties, and which contained the following provision:
It is understood and agreed that this adjustment constitutes compensation in full on behalf of the contractor and its subcontractors and suppliers for all costs and markup directly or indirectly attributable to the change ordered, for all delays related thereto, and for performance of the change within the time frame stated. (Emphasis added.)
During the course of plaintiffs performance, the flsa increased the minimum wage from $1.60 to $2.30 per hour. As a result of this increase in labor costs, plaintiff filed a claim with the asbca for a price adjustment on the *993 unchanged but delayed work. The ASBCA denied this claim on the ground that the contract modifications were negotiated and executed by both parties, and operated as "an accord and satisfaction for all the claims encompassed by the negotiations.” Additionally, the asbca found that Craddock was "bound by the clear terms of the release clause” that accompanied eight of the change orders which provided price adjustments.
It is well established that our scope of review in Wunder-lich cases is limited to a determination of whether the Board’s decision is fraudulent, capricious, arbitrary, so erroneous as to imply bad faith, or unsupported by substantial evidence. United States v. Carlo Bianchi & Co., 373 U.S. 709, 714 (1963); Koppers Co., Inc. v. United States, 186 Ct. Cl. 142, 147, 405 F.2d 554, 557 (1968). The Board’s determination on a question of law, however, is not binding on this court. Arundel Corp. v. United States, 207 Ct. Cl. 84, 94, 515 F.2d 1116, 1123 (1975) (citing Foster Constr. C.A. v. United States, 193 Ct. Cl. 587, 601, 435 F.2d 873, 880 (1970)). The asbca’s conclusion that an accord and satisfaction resulted in this case "is essentially a conclusion on a question of law, and is therefore, not final on this judicial review.” Merritt-Chapman & Scott Corp. v. United States, 198 Ct. Cl. 223, 230, 458 F.2d 42, 48 (1972).
In Brock & Blevins Co., Inc. v. United States, 170 Ct. Cl. 52, 58, 343 F.2d 951, 955 (1965), we stated that "[discharge of a claim by accord and satisfaction 'means a discharge by the rendering of some performance different from that which was claimed as due and the acceptance of such substantial performance by the claimant as full satisfaction of his claim.’” (Quoting 6 Corbin, Contracts, §1276 (1962).) In the case now before us, the asbca found that plaintiff sought a contract adjustment to cover its increased wage costs on the delayed but unchanged work, but that the Government steadfastly refused such an adjustment. Plaintiff vigorously contests this finding, but testimony in the record by Mr. Craddock himself establishes that an adjustment for increased labor costs was requested but denied. See hearing transcript at 84. The asbca’s finding on this issue is supported by substantial evidence.
*994 The record before us also establishes that plaintiff did receive substantial contract adjustments, and executed written agreements which provided that the adjustments constituted "compensation in full. . .for all costs and markup directly or indirectly attributable to the change ordered, for all delays related thereto.” This language is clear and unambiguous, and on its face operates as a bar to all claims not specifically reserved by plaintiff. See Fraass Surgical Mfg. Co. v. United States, 205 Ct. Cl. 585, 594, 505 F.2d 707, 712 (1974). If plaintiff had intended to reserve a claim for increased labor costs, its "intention to do so should have been made manifest and explicit. . .in the written agreement incorporating the actual settlement.” Cannon Constr. Co. v. United States, 162 Ct. Cl. 94, 101, 319 F.2d 173, 177 (1963). Plaintiff cannot now complain that the various contract adjustments, which were negotiated and executed by both parties, did not constitute the entire adjustment or preclude plaintiffs claim for increased labor costs.
Plaintiffs reliance on the Postal Service Board of Contract Appeals decision in Quaker Elevator Co., Inc., 78-1 BCA (CCH) ¶12,965 (1978), is misplaced, for in Quaker the modifications did not contain a release clause covering all delay-related costs, nor was there evidence that the parties had considered but rejected certain disputed labor costs in negotiating contract modifications. The recent asbca decision in John W. Bell, 81-2 B.C.A. (CCH) ¶15,461 (1981), is similarly distinguishable from the present case. In Bell the parties specifically stipulated that they "did not consider nor negotiate concerning increases in labor costs at the signing of all contract modifications.” We have no such stipulation in the present case, and the asbca’s finding that an adjustment for increased labor costs was discussed but rejected sharply contrasts with the stipulation of the parties in Bell. All other arguments raised by plaintiff, although not directly addressed in this order, have been considered and found to be without merit.
Accordingly, it is therefore ordered, upon consideration of the parties’ submissions, without oral argument, that the decision by the ASBCA is affirmed. Plaintiffs motion for summary judgment is denied and defendant’s *995 cross-motion for summary judgment is granted. Plaintiffs petition is dismissed.
Plaintiffs motion for rehearing was denied July 23,1982.

 41 U.S.C. §§321, 322 (1976).

 80-2 B.C.A.(cch) ¶14,635(1980).

 Pub. L. No. 93-259, 88 Stat. 55 (codified as amended in scattered sections of 29 U.S.C.) (1976 & Supp. III 1979).

 The contract was modified a total of thirty-seven times, but only eleven of the modifications provided for changes in contract performance time.